## THE STATE OF IOWA:

### DES MOINES, DECEMBER TERM, A. D. 1876.

IN THE THIRTY-FIRST YEAR OF THE STATE.

---

PRESENT:

HON. WILLIAM H. SEEVERS, CHIEF JUSTICE.
" JAMES G. DAY,
" JAMES H. ROTHROCK, } JUDGES.
" JOSEPH M. BECK,
" AUSTIN ADAMS.

---

## WOOD v. THE IND. SCH. DIST. OF MITCHELL ET AL.

1. **Negligence:** LIABILITY FOR CONTRACTORS. A party who had contracted with a school district for drilling a well in the school-house grounds, left his drilling machine unlocked and unguarded, and in his absence one of the children was injured while playing with it: *Held*, that the danger arose not from the character of the work but from the machinery used and accordingly that the district was not liable for the negligence of its contractors.

2. ———: ———: NUISANCE. Machinery, although it may be dangerous if interfered with and left unguarded, is not a nuisance when properly stationed for a legitimate purpose.

*Appeal from Bremer District Court.*

TUESDAY, SEPTEMBER 19.

THE petition avers in substance that the defendant, The Independent School District of Mitchell, employed its co-defendants, John Pratt and George Moses, to drill a well in the school-house yard, with machinery which it was dangerous to leave unlocked and unguarded; that said well was to be sunk for the improvement of the district property; that said work was let to said Pratt & Moses at a certain rate per foot, and the said district had no direct control over the same; that said district wrongfully and negligently permitted the work to be done during the session of school without requiring the machinery to be locked or secured while not in operation, and without any reasonably prudent provision against injuries therefrom; that the defendants, Pratt & Moses, left the machinery unguarded and unsecured against the school children who were lawfully occupying the said yard as their play-ground, and without warning or notice to the teachers or parents; that the district was warned of the danger of leaving the machinery unlocked and unsecured against the school children, and was requested to remove the machinery or provide against danger therefrom, but wrongfully refused so to do; that afterwards, while said machinery was left unguarded, the plaintiff, a boy about nine years of age and lawful pupil in the school, was injured by said machinery; that the accident occurred at noon-time while the machinery was not being used, and happened in the following manner: the plaintiff's cchool-mates were at play with the machinery, moving the sweep around, being that part by which the machinery was operated when in use by a horse, and while they were so moving it the plaintiff stepped upon the bull-wheel, without any negligence on his part, and while his foot was resting on said bull-wheel it was caught and crushed.

To the petition the defendant, The Independent School District, demurred on the following ground: "That the facts stated in said petition do not constitute a cause of action

in this, to-wit: it appears by said petition that this defendant had let a contract or job to the other defendants therein named to drill a well on the grounds of this defendant; that this plaintiff voluntarily went on the drilling machine of said other defendants when the same was not in use by them, and while on said machine, and while the horse-power thereto was set in motion, and being operated by other school children, the foot of this plaintiff was crushed, being the injury complained of; that the said district is not *liable* for any damages the plaintiff may have sustained, because the said other defendants were not the agents or servants of this defendant, and this defendant is not liable for any supposed fault or neglect of said other defendants in the performance of said work or operation or management of their machine." The demurrer was sustained. Judgment for defendants. Plaintiff appeals.

*H. F. Miller* and *L. M. Ryce*, for appellant.

*D. W. Poindexter*, for appellee.

ADAMS, J.—The defendants, Pratt & Moses, who had charge of the machinery, were not the agents of the defendant district, but were contractors. The district did not control them, either in regard to the manner in which the work should be done or the machinery which should be used. The general rule that the employer is not liable for the negligence of his contractor will not be disputed. But the rule is subject to some exceptions, and it is claimed that this case comes within an exception. In support of that proposition, the appellant cites the case of *Chicago v. Robbins*, 2 Black, 418. In that case the defendant, having occasion to make an excavation in a sidewalk, hired a person to do it by contract. Through the negligence of the contractor an injury was received, for which the city was held liable, and the city in turn sought to recover of the defendant. The court held that he was liable, notwithstanding the work was done by a contractor.

The case turned upon the fact that the excavation, while

1. NEGLIGENCE: liability for contractors.

not a nuisance *per se*, became so by being left uncovered, and without guards or lights. DAVIS, J., said: "It is said that Robbins, the defendant, did not reserve control over the work, and is, therefore, not liable; but the digging of this area necessarily resulted in a nuisance—was the result of the work itself, unless due care was taken to make the area safe.  *  *

 * Robbins did not use ordinary care. There is no provision in his contract with Button, nor with the men who laid the flagging or put on the iron grating, that they should provide the proper guards."

The rule, then, seems to be this: Where work is contracted to be done which is not of itself dangerous, but becomes so by the negligence of the contractor, the employer is not liable for injuries resulting therefrom; but, if the work is dangerous of itself, unless guarded, and the employer makes no provision in his contract for its being guarded, and does not make a proper effort to guard it himself, then he is negligent, and cannot escape liability on the ground that the work was done by a contractor. In the case at bar, the work to be done was not dangerous; it was the machinery with which it was done that was dangerous.

Now while the petition avers that the district "did unlawfully and wrongfully employ, direct and permit said defendants, Pratt & Moses, to drill a well with machinery that was dangerous," we do not understand the averment to mean that it was a part of the contract that the machinery should be dangerous, so that there would have been a breach of it, on the part of Pratt & Moses, if the work had been done with safe machinery; nor do we understand by the averment that there was a contract to do the work with the particular machinery with which it was done, so that if it had been done with other machinery, there would have been a breach of contract. If we are correct, then the true meaning of the averment must be that the district employed Pratt & Moses to drill a well, and wrongfully permitted them to use in doing it dangerous machinery.

Indeed, it does not appear from plaintiff's argument that he claims anything more than that the machinery was wrong-

fully permitted to remain upon the premises unguarded and unlocked, and exposed to be interfered with by the children.

If there is any liability in this case resting upon the district, it must exist outside of the fact of the employment of Pratt & Moses to drill the well.

It would not be claimed for a moment, that if the district had employed said Pratt & Moses as contractors to drill a well upon premises other than their own, and they had used dangerous machinery, or had been guilty of negligence, by which a person was injured, the district would be liable. It would be admitted that it would be a sufficient answer for the district to say that Pratt & Moses were not its agents. If then, the district is liable it must be upon some other ground than its relation to Pratt & Moses, whose alleged negligence caused the injury.

This brings us to consider the only remaining ground upon which appellant claims that the district is liable, and that is, 2. ——: ——; that the district owned, occupied and controlled nuisance. the ground upon which said Pratt & Moses had introduced the machinery, and the said district suffered it to remain there in its dangerous condition. In other words it is claimed that the district suffered a nuisance to remain upon its ground, and that the injury sued for resulted therefrom.

In *Church of Ascension v. Buckhart,* 3 Hill, 193, the walls of a church edifice belonging to the plaintiff in error; were negligently permitted to stand after the rest of the building had been destroyed by fire, and a part of the wall afterwards fell upon a person while passing along the street. It was held that the corporation was liable to respond in damages for the injury. This case is relied upon by the appellant, but to our mind there is a substantial difference between it and the case at bar. The machinery was necessary for the prosecution of the work. It is not claimed that it was made unnecessarily dangerous in its construction, or that it was more dangerous than many other pieces of machinery, or tools or implements, when meddled with by children. We are not prepared to hold that every person having upon his premises machinery, tools, or implements which would be dangerous playthings

for children, and in their nature affording special temptations to children to play with them, is under obligation to guard them in order to protect himself from liability for injuries to children received while playing with them, although the children were rightfully on his premises. It would be improper to burden the mechanical industries of the country by such a rule. Without holding, therefore, that there may not be pieces of machinery so peculiarly dangerous, that a right of action would exist at common law for injuries received from them if left unguarded, we do not think the drilling machine in question is such machinery; at all events, we cannot regard it as so peculiarly dangerous that an employer should be made liable for the negligence, if any, of a contractor in leaving the machinery unguarded, the same being in use upon the employer's premises in the prosecution of a lawful work.

The appellant claims that there was a public duty resting upon the district, and that its liability arises out of that fact. When, however, it is conceded that the children were rightfully upon the premises, the appellant can properly claim nothing more as a ground of the district's duty. It cannot be greater than that of a person maintaining a private school under circumstances similar in other respects.

AFFIRMED.