JACOB NELS, Appellant, v. JOHN RIDER et al., Appellees.

**NEGLIGENCE:** Imputed Negligence—Driver's Negligence Not Imputed to Guest. The negligence of the driver of an automobile cannot be imputed to a guest having no authority or control over the driver:

**JUDGMENT:** Opening or Vacating—Defaults—Sufficiency of Showing—Discretion. Where counsel, on information from the clerk of the courts, had reason to believe that court would be adjourned *sine die*, on account of no judge's being assigned to hold court, in the absence of the regular judge, and left the county seat on business, and, upon arrival of the judge, default was entered in a case in which said counsel was interested, *held* that the court did not abuse its discretion in setting aside the default.

**INFANTS:** Actions—Defense Without Guardian—Default. Where default judgment was entered against a minor, without the mak-

ing of any defense, and without the appointment of a guardian *ad litem*, the judgment was irregular. (Sec. 3482, Code, 1897.)

*Appeal from Sioux District Court.*—WILLIAM HUTCHINSON and W. D. BOIES, Judges.

MARCH 18, 1919.

APPEAL from the action of the court in setting aside default judgments. Opinion states the facts.—*Affirmed.*

*Hatley & Van De Steeg,* for appellant.

*Gerrit Klay,* and *Klay & Klay,* for appellees.

GAYNOR, J.—This appeal is taken from the action of the court in setting aside default judgments.

It appears that, on the 23d day of July, 1917, plaintiff commenced an action against these defendants to recover damages, alleging that, on the 7th day of July, 1917, he was run into and injured by an automobile run and operated by the defendants. The original notice was served on each of the defendants, requiring them to appear on the 3d day of September, 1917, this being the second day of the September term of the district court. The defendants, and each of them, failed to appear or plead, and default was entered against them on the 7th day of September, 1917, and on the same day, judgment was entered against each and all of them in the sum of $600, with 6 per cent interest.

On the 14th day of September, one of these defendants, Grace McCrum, appeared and filed a motion to set aside the default and judgment, and at the same time filed her answer, denying liability, and alleging, among other things, that the machine was operated by the defendant John Rider, and that she was a mere passenger in the automobile, a guest of the driver, riding at his invitation; that

she had no authority or control over the operation of the machine.

We have to say that this answer filed by the defendant presents a good defense as to her. The action against her is predicated on negligence. If she is able to show, as she alleged in her answer, that the machine was operated by the defendant Rider, and that she was a mere passenger in the machine, a guest of Rider's, occupying a seat in the machine on invitation only, and that she had no authority or control over the operation of the machine, she cannot be charged with any negligence traceable to the conduct of Rider.

1. NEGLIGENCE: imputed negligence: driver's negligence not imputed to guest.

The record discloses the following facts, upon which this defendant predicates her right to have default and judgment set aside: The court was scheduled to open on the 2d day of September. Judge Boies was assigned to hold that term. Before the opening of court, however, he was directed by the Supreme Court to go to another county, and preside over the trial of a case there pending. This left no judge assigned to hold court in Sioux County for that term, and no judge was appointed by the court until later. The court opened as usual on the 2d day of September, and the clerk of the court adjourned the term from day to day, awaiting the arrival of a judge to preside at the sitting. No judge arrived until the 6th. In the meantime, the attorneys attending that term of court were present, awaiting the arrival of a judge, among whom were counsel representing this defendant. Her counsel was informed by the clerk of the court that he had no information as to whether a judge would arrive at all, and that, if a judge did not arrive, the September term would be adjourned *sine die*. On the morning of September 5th, this defendant's counsel was informed by the clerk that he had as

2. JUDGMENT: opening or vacating: defaults: sufficiency of showing: discretion.

yet received no word from the Supreme Court in regard to the appointment of a judge, and that the court would be adjourned on that evening until the October term, under the provisions of the statute; that this defendant's counsel had, prior to this time, been drafted into the service of the government of the United States, as a member of the County Defense Committee of Sioux County, and had been appointed chairman for that county. On the evening of the 4th, he received instructions to go to Des Moines in connection with his office, and he left for Des Moines before the arrival of a judge. On the 6th of September, a judge appointed by the Supreme Court to preside in the absence of Judge Boies arrived, and opened court regularly. In the absence of this defendant and her counsel, on the 7th day of September, the court entered the default and judgment complained of.

Counsel, on information from the clerk, had reason to believe that court would be adjourned *sine die* on the evening of the 5th. The judge, however, arrived on the 6th, and the work of the court was begun in the absence of counsel. Neither the defendant nor her counsel was responsible for the conditions that existed. The delay in sending a judge to Sioux County to take the place of Judge Boies was due to the difficulty encountered by the Chief Justice in securing a judge who was unengaged, to go to Sioux County and preside.

We think the court did not abuse its discretion in its action. See *Hueston v. Preferred Acc. Ins. Co.*, 161 Iowa 521; *Gray v. Bricker*, 182 Iowa 816.

The other defendants, Bessie and Marie Smith, were minors. Section 3482 of the Code of 1897 provides:

"The defense of a minor must be by his regular guard-

ian, or by one appointed to defend for

**3. INFANTS : ac-**
**tions : defense**
**without guard-**
**ian : de-**
**fault.**

him where no regular guardian appears, or where the court directs a defense, by one appointed for that purpose. No judgment can be rendered against a minor until after a defense by a guardian."

No guardian appeared; no defense was interposed; no guardian ad litem was appointed. The default judgment, therefore, was irregular. See *Drake v. Hanshaw,* 47 Iowa 291; *Hoover v. Kinsey Plow Co.,* 55 Iowa 668.

Upon the whole record, we think the court was right, and its judgment is—*Affirmed.*

LADD, C. J., EVANS and STEVENS, JJ., concur.