HELEN BORG, Appellant, v. DES MOINES CITY RAILWAY COMPANY, Appellee.

NEGLIGENCE:  Street Car Accident—Jury Question.  Evidence rela-
1  tive to an occurrence in which plaintiff drove out of his course,

in order to avoid a standing vehicle, and was hit by a passing
street car, reviewed, and held to present a jury question on the
issue of negligence.

**NEGLIGENCE:** Imputed Negligence—Guest. General rule reaffirmed
2    that a guest is not liable for the negligence of a driver over whom
the guest has no control.

*Appeal from Polk District Court.*—THOMAS J. GUTHRIE, Judge.

### FEBRUARY 8, 1921.

ACTION at law to recover damages for personal injury.
There was a directed verdict and judgment for the defendant,
and plaintiff appeals.—*Reversed.*

*H. S. Thomas,* for appellant.

*W. H. McHenry* and *A. B. Howland,* for appellee.

PER CURIAM.—West University Avenue, a public street extending east and west in the city of Des Moines, is intersected
at right angles by West Fortieth Street. For a considerable

1. NEGLIGENCE:
street car acci-
dent: jury
question.

distance east of this intersection, the avenue is
occupied by the double track of the defendant
street railway company. To the west of the
intersection, the south track of said railway is extended, and
used as a single track route. Cars moving from the east on the
north or right-hand side of the avenue, and arriving at Fortieth
Street, are there shifted to the south track, over a switch prepared for that purpose, and continue their trip over the single
track. The tracks of the railway are laid along the middle of
the avenue, leaving an open carriageway between the south rail
and street curb of about nine feet.

On the evening of August 15, 1918, the plaintiff, a girl of
about 17 years of age, accepted the invitation of her older brother
and a companion to take a ride in a Ford automobile driven
by the brother. In the course of their trip, they moved eastward on University Avenue, from some point west of Fortieth
Street, taking the open carriageway on the right-hand or south
side of the railway tracks. As they approached the location

of the switch above mentioned, they discovered another auto parked next to the south curb, and, in order to pass the standing vehicle, it was necessary for the driver of the Ford to swerve to the left sufficiently to avoid a collision. At the same time, they saw a street car headed west and standing still at or near the east end of the switch, and their driver, believing he had ample time and space to do so, undertook to pass the parked car and get his place in the carriageway beyond it. Plaintiff and her witness testify that, while they were executing this movement, and when it was nearly accomplished,. the street car was put in motion and driven down the switch at accelerated speed, striking the left hind wheel of the Ford, upsetting it and seriously injuring the plaintiff.

Plaintiff charges the collision and her injury to the negligence of the defendant, in that defendant's servants in charge of the street car did not operate it with due care; did not keep reasonable or proper lookout for traffic on the south side of the street; did not give any warning or signal of their purpose to start the car down the switch, when they knew, or with proper lookout should have known, that, unless they kept the street car under proper control, they were liable to collide with the Ford. It is further charged that, as the street car was turned in upon the switch, the headlight of the car cast a glare in the faces of the party in the Ford, partially blinding them, and increasing their difficulty in avoiding accident.

These allegations are sustained by the testimony of the plaintiff and her two companions. Plaintiff did not own the Ford or exercise any control over it. She was in the Ford as an invited guest, and, even if the driver was negligent in its management, no facts are shown to justify the court in imputing his negligence to the plaintiff, as a matter of law.

The defendant by answer denies all plaintiff's charges of negligence on its part, and avers that, if she suffered any injury, it was due to the negligence of herself and of the driver of the Ford. Defendant offered no evidence in its own behalf, but, at the close of plaintiff's evidence, moved for a directed verdict in its favor on the following grounds:

1. There is no evidence of any negligence on the defendant's part.

2.   The plaintiff and her brother were engaged in a joint enterprise, and his negligence is imputable to her.

3.   Plaintiff has not shown herself free from contributory negligence.

This motion was sustained, and plaintiff appeals.

I.   Giving due effect to the rule which requires this court, upon appeal from judgment on a directed verdict, to construe the testimony most favorably to the appellant, we are constrained to hold that the trial court erred in sustaining the appellee's motion.   The plaintiff and her companions were not trespassers in the street, any more than was the street car.   The only superior right which the defendant could lawfully assert was the right of precedence in the movement of its car upon the track laid for its use; but this right of precedence affords no justification or defense for driving a car into collision with another vehicle, if, by reasonable care and watchfulness, accident may be avoided.   It is the business of those in charge of a street car, no less than it is the business of the driver of an automobile or other carriage, to keep a lookout ahead, and to exercise reasonable care to avoid collision with other travelers.

If it be true, and for the purposes of this appeal we must assume its truth, that, as the driver of the Ford reached the place where his way was obstructed by the other auto parked against the south curb of the street, and the street car was standing still at the farther end of the switch, he was not required, as a matter of law, to stop and wait for the parked auto or the street car to be moved, before attempting to proceed on his way, unless there was something in the situation to warn him, as a reasonably prudent man, that he could not go forward without imminent danger of a collision; if the distance between the parked auto and the standing street car was such that he reasonably believed he could safely drive around the auto and into the south open carriageway beyond it, without coming into collision with the street car,—then he was not negligent in trying to do so, and whether he was justified in so believing or in so acting is a question of fact for the jury, and not a matter of law for the court.   See *Seitsinger v. Iowa City Elec. R. Co.,* 181 Iowa 739, 749, 750, and cases there cited.

The duty of care to avoid collision is reciprocal, and whether

the defendant, in the management and control of its car in this instance, did or did not observe this duty is also quite clearly a question of fact for the jury. That this duty requires the motorman controlling the movement of the street car to keep a vigilant lookout to avoid injury to persons lawfully in the street is too well settled to call for discussion or citation of precedents. If this duty was being observed, it is quite inconceivable that the movement of the Ford around the parked auto was not seen by this motorman, and, if so, or if he ought to have seen it, and under such circumstances set his car in motion down the switch and into collision with the Ford, the question whether he was exercising the reasonable care which the law imposes upon him was too clearly a jury issue to admit of doubt.

The record presents evidence of other facts and circumstances bearing upon these issues, but those to which we have called attention are sufficient to demonstrate that the case is not one to be disposed of as a matter of law.

II. Appellant argues that, if the driver of the Ford was negligent, his negligence is imputable to the plaintiff, and prevents a recovery of damages by her. This question has been definitely settled against counsel's contention. *Nels v. Rider,* 185 Iowa 781; *Withey v. Fowler Co.,* 164 Iowa 377, 393; *Lawrence v. City of Sioux City,* 172 Iowa 320, 324.

2. NEGLIGENCE: imputed negligence: guest.

Enough has been said to indicate the necessity of a reversal. For the reasons stated, the judgment below is reversed, and cause remanded to the court below for a new trial.—*Reversed and remanded.*