EVA WARING, Appellee, v. DUBUQUE ÉLECTRIC COMPANY, Appellant.

**NEGLIGENCE:** Contributory Negligence—Passenger. If the issue of
1    contributory negligence on the part of the driver of a conveyance is for the jury, it necessarily follows that the issue of the contributory negligence of a mere passenger is for the jury.

**NEGLIGENCE:** Evidence—Weather Conditions and Side Curtains.
2    Evidence of the weather conditions existing at the time of an accident to the occupants of an automobile is admissible, (1) on the issue of contributory negligence, and (2) in explanation of the fact that the car was inclosed with side curtains; nor is it reversible error to permit a witness to testify as to the custom to have the car so inclosed under given weather conditions.

**NEGLIGENCE:** Instructions—Depriving One's Self of Power to See
3    and Hear. The fact that the wind shield of an automobile is closed, and that the car is inclosed with side curtains, furnishes no basis for an instruction to the effect that the occupant "cannot deliberately deprive himself of the means of seeing and hearing an approaching street car."

**NEGLIGENCE:    Submitting Unpleaded Assignment of Negligence.**
4   The court may tell the jury to consider the *speed* of a street car
    in determining the issue of *failure to have the car under proper
    control*, even though the speed of the car is not assigned as a ground
    of negligence.

**NEGLIGENCE:    Contributory Negligence—Reasonable Belief of Party.**
5   Instructions relative to the conditions under which a traveler
    would be justified in proceeding to cross a street car track re-
    viewed, and held proper, and not subject to the vice of assuming
    a fact in issue.

**NEGLIGENCE:    Imputed Negligence—Husband and Wife.**  The neg-
6   ligence of the driver of a conveyance may not be imputed to his
    wife, who is riding with him.

*Appeal from Dubuque District Court.*—J. W. KINTZINGER,
Judge.

JANUARY 17, 1922.

ACTION for personal injuries suffered by plaintiff by reason
of a collision between an automobile in which the plaintiff was
riding, and a street car which was operated by the defendant.
The jury returned a verdict for the plaintiff, and defendant
appeals.—*Affirmed.*

*P. J. Nelson*, for appellant.

*Kenline, Roedell & Hoffmann*, for appellee.

PER CURIAM.—This case grows out of the same state of facts
involved in the case of *Waring v. Dubuque Elec. Co.*, decided by
us at the September term, 1921, and reported in 192 Iowa 508.
The appellee and her husband were driving north in an auto-
mobile upon Locust Street in the city of Dubuque, and, at the
intersection of said street with Thirteenth Street, the automo-
bile came into collision with a street car operated by the appel-
lant, and appellee received the injuries complained of.  The
details regarding the collision and the facts and circumstances
in connection therewith are set forth at length in the opinion in
*Waring v. Dubuque Elec. Co.*, supra, and it is unnecessary that
we recite them again in this opinion.  The appellee's husband
was driving the car at the time of the accident, and appellee
was sitting with him in the front seat of the automobile.  It
was a foggy, misty, dark night.

I. Appellant contends that the court should have directed a verdict for the appellant, on the ground that there was a failure to show any negligence on the part of the appellant company. The only grounds of negligence submitted to the jury by the trial court were with regard to the failure of the appellant company to sound a gong or bell or to give other warning, as the car approached the intersection, and with regard to failure to have the car under proper control. Under the facts of the case, which are discussed at considerable length by us in the opinion in the companion case, it is obvious that the question of whether or not the appellant was guilty of negligence in the matter charged was clearly a question for the jury; and the court did not commit error in overruling the appellant's motion for a directed verdict on this ground.

II. It is strenuously urged that the court erred in failing to direct a verdict for the appellant on the ground that the appellee was guilty of contributory negligence. In the companion case, we held that the trial court erred in sustaining a motion to direct a verdict on the ground that the husband of appellee, who was driving the automobile at the time in question, was guilty of contributory negligence. We held that it was a question for the jury to determine whether or not, under the facts and circumstances described, the driver of the car was guilty of contributory negligence. There is no claim that there is any evidence in this case that in any way would charge the appellee with any higher degree of care than was required of her husband, who was driving the car at the time. We held that the question as to whether or not the driver was guilty of contributory negligence should have been submitted to the jury. It necessarily and logically must follow that it was not error in the instant case for the trial court to submit to the jury the question of whether or not the appellee herein was guilty of contributory negligence. The same degree of care is not required of a passenger riding in an automobile as is required of the driver of the car.

1. Negligence: contributory negligence: passenger.

We recently had occasion to discuss the question of what constitutes contributory negligence on the part of a passenger in an automobile, in *Bradley v. Inter-Urban R. Co.*, decided

June 25, 1921, and reported in 191 Iowa 1351. It is unnecessary that we reiterate what we therein said, or cite the authorities quoted in the opinion in said cause. Under the rule therein announced, the question as to whether or not the appellee in the instant case was guilty of contributory negligence was clearly one for the jury. See, also, *Stoker v. Tri-City R. Co.*, 182 Iowa 1090.

III. The appellee's husband was a witness in her behalf, and was asked whether or not it was customary and usual for automobiles driven on the streets of Dubuque at and before

2. NEGLIGENCE: evidence: weather conditions and side curtains.

the time of the collision to have the side curtains in place. The question was objected to, as calling for an incompetent conclusion, with no foundation laid. The objection being overruled, the witness answered that it was usual to have the side curtains in place, and further, that this was done to keep out the wind and cold; that the purpose was to keep the wind and moisture and disagreeable, bad weather out of the eyes and face, and to protect persons in the car. Appellant urges that the reception of this evidence constitutes reversible error. The undisputed evidence shows that the injury occurred on a misty, foggy night, when there was much moisture in the air, and it was damp and cold. It also shows that, at the time of the injury, the appellee's husband was driving the car with the side curtains on. The curtains were largely composed of isinglass. At the time, the wind shield was closed. It is a matter of common knowledge that automobiles are generally driven with the side curtains on and the wind shield closed under weather conditions such as were described in this case. It was proper for the appellee to show the weather conditions and to explain why the car was being driven with the side curtains on and the wind shield closed. It was in no way prejudicial to the appellant to permit the evidence that the car was being driven in the ordinary and usual manner in which cars are driven under similar weather conditions. The evidence had a bearing upon the question of contributory negligence of the appellee, and was, we think, properly admitted. The matter was fully covered by proper instructions by the court.

IV. Appellant complains that the court erred in refusing

to give Instruction D, asked by the appellant. In the requested instruction, the appellant asked that the court instruct the jury

3. NEGLIGENCE: instructions: depriving one's self of power to see and hear.

"that the plaintiff cannot deliberately deprive herself of the means of seeing or hearing an approaching street car." The thought of the instruction as requested was that the jury could find that appellee, by riding in an automobile with the curtains down and the wind shield closed, had "deliberately deprived herself of the means of seeing or hearing the approaching street car." It was not error to refuse to give the instruction as requested. The subject of the appellee's contributory negligence and the question with regard to the condition of the automobile respecting the wind shield and the curtains were fully and carefully submitted to the jury by the instructions that were given, and it was not error to refuse to give this requested instruction.

V. It is urged that the court erred in giving Instruction 14. In this instruction, the court told the jury that one ground of negligence alleged by the appellee was that the motorman

4. NEGLIGENCE: submitting unpleaded assignment of negligence.

of the appellant's car did not have the same under proper control, as he approached the intersection of Thirteenth and Locust Streets. The court told the jury that, in determining this question of proper control, it could consider the rate of speed at which it believed, from the evidence, the car was running as it approached the crossing; and that, if it found that the car was operated at an excessive rate of speed, and that because of such speed the motorman did not have it under proper control, then this allegation of negligence would be sustained. It is argued that this instruction submitted to the jury the question of negligence on the part of appellant in the alleged excessive speed of the car, and that no such ground of negligence was alleged in appellee's petition as a basis of recovery.

The instruction is not subject to the criticism urged against it. The jury was definitely and properly told that the ground of negligence alleged by appellee was a failure to have the car under proper control, and it was expressly told that it could consider the matter of speed only for the purpose of determining whether or not the appellant's motorman did so have the car

under proper control at the time. This was not error. The question of the speed at which the car was moving as it approached the intersection was material and proper for consideration by the jury, in determining the fact as to whether or not, at said time, the motorman had the car under proper control. The instruction carefully defined to the jury the basis of negligence alleged and the proper application of the evidence respecting speed.

VI. Error is predicated upon the giving of Instruction 17, in regard to the question of contributory negligence. The instruction told the jury that, if the jury found by a preponderance of the evidence that, at the time the plaintiff attempted to cross the street car crossing in question, it appeared to her, acting as a reasonably prudent and cautious person would act under the same or similar circumstances, that no street car was about to run over the track at the corner where plaintiff was about to cross, and if the jury believed, from a preponderance of the evidence, under all the facts and circumstances, that the plaintiff could reasonably have expected to cross the track before any street car reached the corner, then the jury would not be warranted in finding the plaintiff guilty of contributory negligence. The challenge to this instruction is that it assumes that the driver of the automobile "saw and knew that there was a street car approaching." The instruction makes no such assumption. The instruction as given was proper, in view of the evidence in regard to the accident, and is not vulnerable to the objection urged.

*5. NEGLIGENCE: contributory negligence: reasonable belief of party.*

VII. It is argued that the court erred in giving Instruction 25, as follows:

"You are hereby instructed that the plaintiff in this case is not responsible for any negligence, if any, on the part of her husband, who was driving the car. But if, under these instructions, you believe that the injuries received by the plaintiff, if any, were caused wholly or partially in any manner by or through her own negligence, then she cannot recover in this case."

*6. NEGLIGENCE: imputed negligence: husband and wife.*

This instruction correctly stated the law, and is in line with our holdings. *Bridenstine v. Iowa City Elec. R. Co.*, 181 Iowa

1124; *Fisher v. Ellston,* 174 Iowa 364; *Borg v. Des Moines City R. Co.,* 190 Iowa 909; *Nels v. Rider,* 185 Iowa 781; *Lawrence v. City of Sioux City,* 172 Iowa 320; *Withey v. Fowler Co.,* 164 Iowa 377; *McBride v. Des Moines City R. Co.,* 134 Iowa 398.

VIII.   Error is urged in the giving of Instruction 26.  The instruction dealt in a general way with the facts necessary to be established by the plaintiff, to warrant a recovery.  A critical examination fails to disclose any error in the giving of this instruction.

The case was fully and carefully submitted to the jury.  It was essentially a fact question, both on the issue of the negligence of the appellant and the contributory negligence of the appellee.  We find no error in the record requiring a reversal of the case, and it is, therefore,—*Affirmed.*