THELMA JOHNSON, Appellee, v. DES MOINES CITY RAILWAY COMPANY, Appellant.

**NEGLIGENCE: Imputed Negligence—Guest Nonapprehensive of Danger.** A guest in an automobile is not guilty of negligence *per se*, nor is the negligence of the driver imputable to such guest, simply from the fact that the guest implicitly trusts the driver, when the guest had no occasion to apprehend any danger until the *very instant* of the accident. (See Book of Anno., Vol. 1, Sec. 5028, Anno. 13.)

**NEGLIGENCE: Instructions—Undue Burden.** No undue burden is imposed on a defending street railway company by requiring it to keep its car "under proper control *and* to use ordinary care," to operate its car "in a careful manner *and* not at a dangerous rate of speed," and to give notice of its approach "by ringing the gong or bell *or otherwise*," when the pleaded assignment of negligence embraces (1) excessive speed, (2) want of proper control of the car, and (3) failure to give warning of the approach of the car. (See Book of Anno., Vol. 1, Sec. 11493, Anno. 198 *et seq.*)

**NEW TRIAL: Conduct of Jurors—Visiting Locus in Quo.** The conduct of jurors in visiting, on their own motion, the *locus in quo* of an accident, and in taking certain measurements therein, and in asserting in argument in the jury room opinions contrary both to the record measurements and to their own measurements, may constitute reversible error. (See Book of Anno., Vol. 1, Sec. 11550 Anno. 246 *et seq.*)

Headnote 1: 29 Cyc. pp. 549, 550; 36 Cyc. p. 1560. Headnote 2: 36 Cyc. p. 1633. Headnote 3: 4 C. J. p. 954.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

APRIL 9, 1926.

ACTION for damages for personal injuries resulting from a collision between the defendant's street car and a Ford automobile, in which plaintiff was riding. Damages are alleged to the amount of $7,500. Defense was a general denial. Verdict and judgment were rendered for the full amount prayed. The defendant has appealed.—*Reversed.*

*Corwin R. Bennett,* for appellant.

*Gillespie & Canfield,* for appellee.

EVANS, J.—The accident in question occurred about noon-day, October 14, 1923, upon East Fourteenth Street in the city of Des Moines. The plaintiff was riding, as a guest, in the automobile, which was owned and driven by Alfredson. The husband of plaintiff sat at the right of Alfredson in the front seat. The plaintiff sat at the left end of the rear seat, and English sat in the other end thereof. The street car and the automobile were going in the same direction, at the time of the collision. The point of conflict in the evidence is upon the question whether the automobile overtook the street car and was passing it, or whether the street car overtook the automobile and was passing it. The general purport of the testimony for the plaintiff was that the automobile passed the street car, going north, while the street car made a stop for a railway crossing, and that the street car did not overtake the automobile until the moment of the collision. On the other hand, the general purport of the testimony for the defendant was that the automobile did pass the street car at the railroad crossing stop, and that, immediately thereafter, the street car passed the automobile, to the extent that the automobile passed out of the view of the motorman; and that, while the two cars were proceeding side by side, the automobile must have veered or crowded upon the street car, so as to cause the collision. The collision occurred within a very short distance from the railroad crossing, perhaps the approximate length of a city block. After crossing the railroad crossing, the moving cars necessarily passed an automobile parked upon the east side of the street; and at a distance of about 75 feet north of such parked car, was another parked car. The collision occurred at this point, and the parked car was involved therein. The testimony for the defendant was that the driver of the automobile collided with the second parked car, known in the record as the "Clapper" parked car, and that the collision with such car threw the automobile against the street car; whereas, the witnesses for the plaintiff contended that the contact of the auto with the street car threw the automobile over against the "Clapper" car, and that there was no collision beween the two automobiles before that event. The automobile

was traveling on the east side of the street, and was necessarily driving in proximity to the street-car rail. The exact distance between the rail and the curb was 12 feet. The hang-over of the street car was one foot. The width of the parked cars was about 4½ feet. The mathematical result is that the automobile had a width available to it of about 6 feet. According to plaintiff's evidence, no occupant of the automobile heard the approach of the street car, nor was any bell or gong sounded. The contention for the defendant is that the vehicles were traveling side by side, with the street car moving faster than the automobile, and that no occasion was left for ringing the bell or sounding the gong. The collision was a side collision. That is to say, the side of the street car struck the rear end of the automobile, lifted up the left side thereof, turned it end for end, and tipped it over. All the occupants were thrown out. One was thrown upon the parking, one upon the curb, and one upon the paving; whereas the plaintiff was caught underneath the wreckage, and severely injured. This is a sufficient statement of the facts to indicate the general nature of the conflict of evidence. The appellant assigned a great number of grounds of reversal. Some of them do not require extended discussion, and we shall consider them in groups.

I. As grounds for reversal, the appellant urges that there was no evidence of defendant's negligence; that there was no evidence of plaintiff's freedom from contributory negligence; that the court erred in instructing the jury that the negligence, if any, of Alfredson, the driver, was not imputable to the plaintiff.

The jury was, of course, authorized to accept the version of the facts testified to by the plaintiff's witnesses. Such testimony would warrant the jury in finding that the street car overtook the automobile while it was driving in dangerous proximity to the rail, and that warning of its approach should have been given. It cannot be said, therefore, that there is no evidence of negligence.

On the question of contributory negligence, the plaintiff testified that she neither saw nor heard the street car until

the collision occurred; that she did nothing to avoid the accident, or to caution the driver; that, in effect, she trusted the driver implicitly. It is contended from this testimony that the plaintiff should either be deemed guilty of contributory negligence, or that she had so assumed the negligence of the driver that it should be imputed to her. The argument is too ingenious. She was not consciously approaching a danger point. She had no knowledge of or reason to apprehend danger. Nothing called upon her for a warning. She knew nothing about an automobile. She was occupying the back seat. The automobile was traveling at a very moderate speed. Appellant has not been able to suggest, in support of this contention, any particular thing which the plaintiff ought to have done at this juncture. We can think of nothing. The jury was justified in finding no contributory negligence. For the same reason, the court was justified in its instruction. Appellant relies for authority at this point upon *Hubbard v. Bartholomew,* 163 Iowa 58, wherein a guest was denied recovery. The case is not at all in point. The guest in that case was a policeman. The driver was driving at an unlawful speed. The policeman knew it, and made no protest, though it was his official duty to cause the driver to desist. As a result of such driving, the guest was injured, and it was held that he could not recover. The deciding point in that case was quite foreign to the situation in this case.

*1. NEGLIGENCE: imputed negligence: guest nonapprehensive of danger.*

II.   Certain other instructions are complained of. One instruction charged the jury that it was the duty of the defendant-company, in the operating of the street car, to "keep it under *proper control and to use ordinary care* to protect the plaintiff and others while passing along said street." The complaint is that this laid upon the defendant a greater measure of duty than ordinary care, in that it required both ordinary care and proper control. Another instruction, No. 12, instructed that it was the duty of the defendant to "operate its car *in a careful manner, and not at a high and dangerous rate of speed.*" Another instruction, No. 13, charged the jury that, if it found ·

*2. NEGLIGENCE: instructions: undue burden.*

that the automobile was in front of the street car, then it was the duty of the defendant "to warn the plaintiff and others of the approach of its street car *by ringing the gong or bell on said street car, or otherwise* warning the plaintiff." The complaint here is that the court charged it as an absolute duty upon the defendant to "ring the gong or bell," in addition to giving the warning.

The charges of negligence included excessive speed, want of proper control, and failure to warn of approach. The argument for the appellant is that its duty was to exercise ordinary care, and no more, and to operate its car in a careful manner, and no more; that the coupling of this duty with the further duty of proper control and moderate speed was to put upon the appellant a higher measure of duty than the law required. The argument is hypercritical and wanting in substantial merit. The same must be said concerning the complaint of Instruction No. 13. This instruction did not lay upon the defendant the absolute duty of ringing its gong or bell; it did lay upon it the duty of *warning* the plaintiff of its approach from behind. No particular method of warning was made imperative.

III. One ground of the motion for a new trial was "misconduct of the jury." It appears that, during the trial, the *locus in quo* was visited by five of the jurors. One of them

3. NEW TRIAL: conduct of jurors: visiting *locus in quo*.

visited it during the period of deliberation. Two jurors measured the distance between rail and curb. These various jurors asserted in the jury room, in the course of deliberation, that in their belief the space between a parked automobile and the street-car rail was insufficient to enable a moving automobile to pass between a street car and the parked car. This question had been covered by the testimony of witnesses on the trial. Each party examined one witness thereon. The actual measurement was testified to, and was not in dispute. Each witness testified that there was sufficient space for a moving automobile to pass between a street car on the rail and a parked car. The aforesaid assertions made by the jurors were contradictory to the undisputed testimony in the case, and were contradictory to the actual measurements disclosed in the evidence and disclosed by

the measurements of the jurors themselves.   This is the misconduct complained of.   It was misconduct.   The decisive question, however, at this point is, Was it prejudicial?   The discussion on this subject in the jury room was purely a matter of argument.   Where error is shown in the trial procedure, prejudice will be presumed, unless the contrary appears.   This is not the rule as applied to misconduct of jurors.   Neither party is held responsible for such misconduct.   Prejudice, therefore, is not presumed against either, and the party complaining must make an affirmative showing of the prejudice.   *Carbon v. City of Ottumwa*, 95 Iowa 524.   The argument of the appellant is that the assertion was brought forward in the jury room in support of the claim of plaintiff that her automobile was proceeding in front of the street car, and was necessarily within the zone of collision with the street car, when overtaken.   On the other hand, the measurements taken by the jurors themselves showed that it *was* possible for an automobile to pass through such opening.   Whether the question thus discussed by the jurors was material enough and significant enough to work any prejudice to the defendant, is a question upon which the court is divided in opinion.   The majority view is that the misconduct should be deemed prejudicial.   The writer hereof is with the minority on the question.   Inasmuch as there must be a reversal on this ground, we refrain from giving any consideration to the question of the amount of the verdict, which is complained of as excessive.

For the reason here stated, the judgment below must be reversed.—*Reversed and remanded.*

DE GRAFF, C. J., and STEVENS, FAVILLE, and ALBERT, JJ., concur.