CHARLES KLEOPFERT v. CITY OF MINNEAPOLIS.[1]

July 22, 1904.

Nos. 13,984—(193).

**Negligence—Notice of Obstruction.**

> The decision on the previous appeal of this case—Kleopfert v. City of Minneapolis, 90 Minn. 158, holding that the defendant was liable for the negligent acts of a servant of the board of park commissioners of the city of Minneapolis in stretching a rope across Kenwood Boulevard, whereby a bicycle rider, in attempting to avoid the same, collided with a team and was injured, followed.

> *Held,* that the failure to find that the .condition had existed a sufficient length of time to charge the city with notice was unimportant, since the cause of the injury was the direct act of the servant of the board.

**Evidence.**

> Evidence considered, and *held* to sustain the findings and authorizing a judgment for the plaintiff.

Action in the district court for Hennepin county to recover $3,016 for personal injuries received while riding a bicycle upon a public highway. The case was tried before Simpson, J., who found in favor of plaintiff for $450. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*C. J. Rockwood,* for appellant.

No rule is better established than the general rule that a municipal corporation is not liable for the acts of its officers or employees in the performance of public functions. This court has applied the rule to the following cases: Negligence of a Board of Health. Bryant v. City of St. Paul, 33 Minn. 293. Negligence in operation of court house elevator. Snider v. City of St. Paul, 51 Minn. 466. Negligence in maintenance of a lockup. Gullikson v. McDonald, 62 Minn. 278. Negligence of towns in maintenance of highways. Altnow v. Town of Sibley, 30 Minn. 186; Weltsch v. Town of Stark, 65 Minn. 7. Negligence of school officers. Charles Bank v. Brainerd School Dist., 49

[1] Reported in 100 N. W. 669.

Minn. 106. Negligence in maintenance of fire and water departments. Grube v. City of St. Paul, 34 Minn. 402; Miller v. City of Minneapolis, 75 Minn. 131. The rule was carefully stated by Chief Justice START in Lane v. Minnesota State Agric. Soc., 62 Minn. 176.

The reasoning of the trial court was evidently something like this: The superintendent of parks, who has the general supervision of the care and maintenance of parkways, directed the police officer to turn travel into the upper driveway, without specifying what means he should use. The policeman, of his own motion, adopted the expedient of stretching a rope across the roadway. The rope constituted an obstruction, and the act was a negligent one. It is the duty of the board of park commissioners and the superintendent of parks to keep the parkways free from obstructions. The city is liable for negligence in the maintenance of parkways. It is therefore liable in this case for the negligence of the policeman. The fatal weakness of that argument lies here: It does not distinguish between acts done in the care and maintenance of the roadways and acts done in performance of the duties which have no relation to the condition of the roadway, and which result in a way not anticipated in creating an obstruction. The policeman was sent to perform a purely police function, namely, to conserve the safety of the people who were traveling that way. The roadway was in perfect condition. He was not sent there to repair a defect, nor to do anything else whatsoever which related in the remotest way to the condition of the roadway. That being the case, it could make no difference if the superintendent of parks himself had been present and had put up the rope. If he had performed this act or any other act for the purpose of protecting the crowd which was present from danger, an act not occasioned by nor having reference to the condition of the roadway, he would have been exercising a police power; he would have been acting as a policeman and not as street commissioner. Henkes v. City of Minneapolis, 42 Minn. 530.

*Frank D. Larrabee* and *Mathias Baldwin,* for respondent.

LOVELY, J.

Plaintiff brings this action to recover for injuries sustained on Kenwood Boulevard, in the city of Minneapolis, which was held on a former appeal (90 Minn. 158, 95 N. W. 908) to be a public street.

The cause was tried to the court, who upon findings of fact sustained the view that the city was liable for injury to a bicycle rider who, in trying to avoid a rope placed across the boulevard by the servant of the park commissioners, collided with a team and was injured. Judgment was ordered for plaintiff. Defendant appeals from an order denying a new trial.

It was held in the previous decision that the facts set forth in the complaint constituted a cause of action. They are clearly and fully summarized in the opinion of the court (START, C. J.), and do not need to be repeated here. We held that there was no reason why the liability of the city for the negligence of those in charge of this street should be affected by the fact that it was under the subsidiary control of the park board, instead of the direct supervision of the city council, and that the defendant was liable for the negligence of the board in the care of the thoroughfare.

The trial court found, upon sufficient evidence supporting its conclusions, that on the afternoon of July 12, 1902, defendant, through its employee—a park policeman—caused a rope to be strung across the street, tied to a lamp post on one side and to a tree on the other, about three to five feet above the ground; that the park policeman was under the supervision and control of the park commissioners, the superintendent of which gave him directions and prescribed his duties; that the rope was so suspended in order to carry out the instructions given him on the preceding day by such superintendent to the effect that he should prevent constant travel upon the street at this place. It is urged on behalf of the defendant that the functions of the park policeman were the same as an ordinary member of the police force, for which the city would not be liable any more than if he had committed a wrongful act in arresting an individual, or for any breach of municipal or governmental functions. We think this contention is disposed of by the previous decision. The nature of the act, rather than the official title or character of the officer to whom the duty of caring for and attending to the public streets or exercising duties thereon conflicting with the right to use the same, determines the liability. It could hardly be claimed in reason that a municipality, by delegating the work of repairing its streets to a police officer, could relieve itself from known defects or failure to repair. The duty to maintain streets in proper

condition being recognized, a liability for negligence in that respect exists if the municipality intrusts such duty to any officer. Neither is it of any significance that the act of the policeman in this instance, who was commanded to do certain things on the boulevard or thoroughfare, was one of commission, rather than omission.

There is nothing in the suggestion that it was not found that the city had notice of the obstruction, or that it must have continued for such a length of time as to have given constructive notice thereof, for the city must certainly be held to have had notice of that which it directly ordered to be done. The rule applicable to constructive notice where dangerous conditions demanding repair have existed for a considerable time, thus furnishing evidence of notice, has no application to a case where such conditions are directly caused by the servants of the municipality.

Order affirmed.