## W. S. KEANE v. BERT BUTNER.[1]

October 7, 1921.

No. 22,388.

**Negligence of automobile driver — verdict sustained — exclusion of evidence.**

　　1. In an action for damages suffered by plaintiff as the result of a collision between a vehicle driven by him on a public highway and an automobile driven by defendant, it is *held* that the evidence supports the verdict, and that the record presents no error in the rulings of the trial court excluding certain evidence offered by defendant, or in the charge of the court to the jury.

**Following the traveled track of a public road not negligence.**

　　2. Where the traveled track of a public road is to one side of the center thereof, it is not negligence as a matter of law to drive in such track, though it be upon the left side of the road to the particular driver.

**Duty of drivers of approaching vehicles.**

　　3. In that situation it is incumbent upon drivers of meeting vehicles,

[1]Reported in 184 N. W. 571.

when practicable, to turn to the right so that free passage may be had for each.

Action in the district court for Traverse county to recover $237 for injuries to plaintiff's property in a collision with defendant's automobile. The answer denied that defendant attempted to drive to the left and to pass plaintiff on that side and alleged that plaintiff carelessly and negligently drove his team of horses on the south or left side of the highway and into defendant's car. The case was tried before Flaherty, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $113.50. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Lewis E. Jones,* for appellant.

*Murphy & Anderson,* for respondent.

BROWN, C. J.

Plaintiff was driving along a public highway with his team of horses and buggy. It was in the night time and quite dark. Defendant at the same time was driving his automobile on the same road, coming from the opposite direction. There was a collision, the automobile struck one of the horses, inflicting an injury, a broken leg, which made it necessary to shoot and kill the animal to end its suffering. This action was subsequently brought to recover the value of the horse, the ground thereof being the alleged negligent operation of defendant's automobile. At the trial the plaintiff had a verdict for the value of the horse, and defendant appealed from an order denying a new trial.

The assignments of error present the question whether there was error in the rulings of the court on the admission of evidence, whether the court erred in its instructions to the jury, and, finally, whether the evidence supports the verdict. All of which we have attentively considered and find no sufficient reason for interference with the order denying a new trial.

The evidence is amply sufficient to justify the conclusion that the accident was caused by the negligence of defendant in the operation of his automobile, and that plaintiff was free from contributory negligence.

The case is not unusual in its facts and the evidence need not be discussed. A careful reading thereof leads to the conclusion stated and there we may dismiss the subject. There was no prejudicial error in excluding the evidence tendered by defendant that a witness repaired to the scene of the accident the following morning and there discovered broken glass on the road at a point claimed by defendant, disputed by plaintiff, as the place of the accident. The issue as to the collision, as to what part in the road it occurred, was fully threshed out by the several witnesses, and the claims of the respective parties clearly laid before the jury, and it is quite apparent that, had the particular item of evidence been admitted, the verdict of the jury would have been the same. Its exclusion was not prejudicial, therefore not ground for a new trial. 2 Dunnell, Minn. Dig. §§ 7181, 7182. There was no departure on the trial from the issues presented by the pleadings. There is usually a dispute as to the precise place and manner of accidents of this kind when the evidence comes in, but that does not create a departure from the pleaded issues.

It appears that the traveled track of the particular road was to one side of the center, a situation often found in our graded highways. Plaintiff was driving his team in that track, which as to him lay on the left side, while defendant was approaching also in the same track. In that situation no conclusion of negligence can follow as a matter of law against the persons thus driving. There was evidence that defendant, in approaching, turned abruptly to the left instead of the right as the law requires. The verity of that evidence was for the jury. The court properly left the question to the jury, saying to them, that in a situation of the kind stated those thus meeting on the road should, when practicable, turn to the right far enough to permit the passage of both vehicles. The instructions were in harmony with G. S. 1913, § 2552. It was claimed by defendant that the traveled track was within two feet of the ditch extending along the road, and that he could not turn out in that direction. The charge of the court properly covered that feature of the case, and expressly stated that he was not required by the law of the road or otherwise to run his automobile into the ditch; all that was required of him was to turn to the right if it was practicable to do so.

The charge of the learned trial judge, taken as a whole, though a little long, was a clear and fair presentation of the case to the jury and we discover no reasonable cause for complaint by defendant.

The further contention is made that the jury, in arriving at a verdict, resorted to the plan, sometimes claimed to be resorted to by juries, of taking the amount deemed fair by each, dividing the total thereof by 12, the number of jurors, and reporting the result as the damages awarded. The record does not sustain the point. The affidavits of the jurors to thus impeach the verdict were not admissible. 2 Dunnell, Minn. Dig. § 7109; McDonald v. Pless, 238 U. S. 264, 35 Sup. Ct. 783, 59 L. ed. 1300.

The evidence sustains the verdict and the record presents no grounds for a new trial, and the order denying defendant's motion for a new trial is therefore affirmed.