## BRIDGET LAHIFF v. THOMAS McALOON AND ANOTHER.[1]

July 14, 1922.

No. 22,833.

**Law of the road—charge to jury correct.**

1. An instruction giving the law of the road in the language of the statute is a proper instruction.

**Traveler must yield half of traveled road to approaching vehicle.**

2. The statute, Laws 1917, chapter 119, requires a traveler to yield half of the traveled part of the road on meeting another vehicle when it is practicable to do so.

**Location of traveled part of road.**

3. The traveled part of the road, as that expression is used in the statute, may be in the center or on either side of the highway as laid out.

[1]Reported in 189 N. W. 435.

**Charge to jury—when traveler's duty to turn out on meeting vehicle.**

4. The charge taken as a whole developed the idea that there must be an unobstructed way into which a traveler, meeting another vehicle, may turn, in order to make it his duty to turn out.

Action in the district court for Washington county to recover $15,000 for personal injuries resulting from defendant's careless and wanton operation of a motor vehicle. The case was tried before Searles, J., and a jury which returned a verdict for $500. From an order denying their motion to set aside the verdict and for a new trial, defendants appealed. .Affirmed.

*Barrows & Metcalf*, for appellants.

*Mart M. Monaghan* and *E. J. Culhane*, for respondent.

HALLAM, J.

On February 13, 1921, at about 6 p. m. defendant Thomas was driving an automobile owned by defendants going east on a country road. Plaintiff was riding in an automobile and going west on the same road. The two cars came into collision. There was snow on the ground and the main travel had worn two ruts in which the wheels of vehicles passed. Defendant was occupying both ruts. Plaintiff had her left wheel in what was for him the righthand rut. The left wheels of each car were therefore in the same rut and collision was inevitable, unless both stopped and both did not stop.

The surfaced roadway at this point was about 26 feet wide, but, by reason of the snow, we may assume that the traveled part of the road consisted of the two ruts and the space between them. There was evidence that it was practicable for defendant to turn out to the extent of yielding one rut as plaintiff had done. There was also evidence that it was not practicable for him to do so. Plaintiff had a verdict and defendant appeals.

This appeal raises question only as to the charge of the court. Defendant claims that the court erred in his interpretation of the law of the road.

1. Defendant assigns as error this instruction: "Now the law of this state provides * * * that when persons meet on any road * * * traveling with vehicles, each shall seasonably drive to the

right of the middle of the traveled part of such road \* \* \* so that the vehicles may pass without interference." This is substantially a verbatim reading of the statute, Laws 1917, chapter 119, § 22. It was accordingly a proper instruction as to the law.

2. There are a number of assignments of error directed to specific portions of the charge. They may be best considered together. These statements are assigned as error:

"He was required to drive to the right of the middle of the traveled part of the road."

"It may have been in this case as it frequently happens within the knowledge of everybody in our public highway, that the public travel at certain places will be concentrated on one track. That track may be on the center of the available unobstructed roadway or not, but whoever travels in that track runs his risk if he gets on the wrong side of the road."

"The object of this law is really to require travelers going in one direction to go on the right hand, and the travelers in the other on the left hand, so that in effect there will be two traveled tracks if the law was observed in all places."

"The law fixes his rights at the center or middle of the traveled part of the road. Now if the middle of the traveled part of the road was midway between those ruts he had no right to put both his wheels in both of those ruts. The most he could do was to put his left wheel in the right rut."

"Now if you find that the defendant was violating this statute in allowing his car to encroach over the middle of the traveled part of the road, and such road was of sufficient width to permit passing, if you find that he did not do that, then as a matter of law he was negligent."

The contention of defendant is that the charge was in effect a charge that defendant was guilty of negligence as a matter of law in driving his car in the place where it was driven at the time of the collision. With this we do not agree. We do agree with defendant that the statute above cited does not require impossibilities. It requires the traveler to yield half the traveled portion of the road

when it is practicable to do so. Keane v. Butner, 150 Minn. 90, 184 N. W. 571. What course he should pursue when it is impossible to yield half the road may depend on the circumstances in each particular case.

3. We agree also with defendant that the expression "traveled part of such road" as used in the statute means just what it says, the part traveled and that the traveled part may be in the center or on either side of the highway as laid out. Keane v. Butner, supra.

4. Some of the quoted portions of the charge taken alone might be subject to defendant's objection, but we must not take isolated statements away from their context. When the charge as a whole is read we think it fairly advises the jury of the law of the case. For example, the court said:

"Now the mere fact that he followed a rutted trail would not necessarily absolve him from the charge of having violated this statute. It is according to what that condition was and what the opportunities were at that time and place for moving his car out of that trail. If the traveled track * * * at that place was adequate in width or otherwise so that he could have kept out of that rut, * * * so that he could have straddled the right hand rut, or kept still further to the right, his right, why under this statute it was his duty to do that. * * * So the question in this case is whether this open unobstructed highway at the place of this collision was such that * * * the defendant could have kept his car and should have kept his car further to his right by straddling the right hand rut or by some other position between the ruts giving the left hand of that rut to the Dodge car. Unless it appears that * * * at this particular place the available road was not such as to enable the defendant to keep further to his right. * * * Now if you find that the defendant was violating this statute in allowing his car to encroach over the middle of the traveled part of the road and such road was of sufficient width to permit passing, if you find that he did not do that then as a matter of law he was negligent. * * * Of course that law required vehicles in passing to keep to the right of the center of the traveled road. That is all we have in-

volved. I have no doubt but what at other places where there are no vehicles they might use the whole road."

We think the charge was free from substantial error.

Comment is made on the statement of the court in a memorandum that he did not incorporate the phrase "if practicable," in connection with defining the duty of defendant to yield part of the road. These words were used in a former statute, Laws 1911, p. 498, chapter 365, § 15, but are omitted from the 1917 law. There is no charm in these particular words. The court was right when he added in his memorandum that he "developed the idea that there must have been an unobstructed way into which the defendant could have turned to have made it his duty to have left the ruts in which he was traveling."

Order affirmed.