## ELIZABETH R. BURGESS v. KOHAGEN-MENDENHALL COMPANY.[1]

February 7, 1930.

No. 27,603.

O. S. Andresen, for appellant.
Crassweller & Crassweller, for respondent.

HILTON, J.

Defendant appeals from an order of the district court of St. Louis county sustaining on appeal an order made in the municipal court in the city of Duluth, which order denied defendant's motion for judgment notwithstanding the verdict or for a new trial.

Plaintiff owned certain real estate in Duluth. With her husband joining, she entered into a contract with defendant, a real estate agency, for the purpose of securing a purchaser of said real estate. In the transaction that followed the husband acted as agent for plaintiff. The contract was in writing and among other things pro-

[1]Reported in 229 N. W. 132.

vided that defendant, acting as agent for plaintiff, should advertise the property for sale in a manner stated and list the same with the multiple group of the real estate exchange in Duluth; that any sale made should be subject to the approval of the owner and that defendant should receive for its services the usual board rate of commission regardless of whether the sale was made by it or the owner.

Defendant did not find a purchaser but plaintiff did. The sale arrangement made embodied an exchange of property with one Sheldon and the payment by Sheldon of approximately $13,000 cash, such payment being made to defendant as plaintiff's agent. Plaintiff's property was put in at a value of $28,500 and that of Sheldon at $15,500, the balance being the cash above referred to. With the $13,000 defendant paid off certain encumbrances on plaintiff's property, taxes, insurance, a judgment, and other proper necessary expenses. The real estate sale commission hereinbefore referred to was five per cent on the first $10,000 and three per cent for the amount in excess thereof. This made the commission under the terms of the contract $1,055. In a statement rendered by defendant to plaintiff dated July 14, 1926, the various expenditures hereinbefore referred to were included and in addition thereto an item of $1,055 as defendant's commission. It also included an item of $527.50 paid to the K. S. Cant Company, also a member of the Duluth real estate exchange. This statement showed a balance due plaintiff of $122.39. Defendant shortly thereafter, owing to the omission of a return insurance premium of $48.69 received by defendant, gave plaintiff a new statement which included the omitted item and showed a balance of $171.08, for which a check was sent plaintiff. Later on Burgess noticed that defendant had charged a commission on the $527.50 paid to Cant, and defendant gave plaintiff its check for $15. A check for $7.50 was also given by the K. S. Cant Company to plaintiff. This action was for the recovery of the $527.50 and interest as for money had and received.

The case was tried to a jury in municipal court and a verdict rendered in plaintiff's favor for the amount claimed. There was no fault found with the charge of the court and no assignments of error as to rulings on admission or rejection of proffered evidence.

Upon appeal to the district court, the four judges thereof who heard the appeal affirmed the municipal court's order. The conclusions arrived at by both the municipal court and the district court, as evidenced by memoranda, were that the case was one in which there was a conflict of evidence resolved by the jury in favor of plaintiff and that the evidence reasonably tended to support the verdict.

Neither an accord and satisfaction nor an account stated was pleaded or proved. Defendant's claim that as a matter of law the actions on the part of plaintiff constituted ratification and equitable estoppel is without merit. Kohagen stated that Burgess had agreed to the payment made to the Cant company. This plaintiff and her husband denied, thus raising an issue of fact on that point. Plaintiff's view of the transaction was corroborated by Mr. Cant. Burgess testified that as soon as the statements were received the item in question was strenuously objected to, which objection continued from time to time until suit was brought.

Under the rule of the Duluth real estate board, where information relative to a desired sale was placed on the list any member of the board securing a customer that finally made the purchase was entitled to one-half of the commission. Just how the Cant company got into the transaction and became entitled to a commission does not appear; nor does it matter. Plaintiff never employed the Cant company, authorized its employment, nor agreed to pay it. A further statement of the facts is not necessary.

Here defendant received the $13,000. The burden was on it to show a proper and full accounting therefor. The jury on sufficient evidence found that such accounting had not been made. There is no justification for the claim of defendant that plaintiff should have repudiated the whole transaction upon being advised of the $527.50 item. At that time the $13,000 had been paid by Sheldon to plaintiff's agent; the sale had been consummated and plaintiff could not repudiate it; the transfer of the property to Sheldon had been made. Under the contract with defendant plaintiff was to pay a commission of $1,055. If defendant should prevail here that com-

mission would be over $1,500 instead of the lesser amount. The verdict of the jury was amply justified by the evidence and had the approval of the trial judge and all four judges of the district court on appeal. 1 Dunnell, Minn. Dig. (2 ed.) § 415.

Order affirmed.