LILLIAN SALERA v. CHARLES SCHROEDER.[1]

June 5, 1931.

No. 28,345.

[1] Reported in 237 N. W. 180.

*Keefe & Fallon,* for appellant.
*Charles R. Pye,* for respondent.

STONE, J.

In this action for personal injury defendant had a verdict. There was no motion for judgment non obstante or a new trial, but plaintiff appeals from the judgment, raising only the question of the sufficiency of evidence to support it.

The case arises from a head-on automobile collision which occurred on trunk highway No. 1, just north of Pine City, early on the morning of July 7, 1929. Plaintiff was a front seat passenger in a Whippet car proceeding northerly, with her husband as the chauffeur. Defendant was coming south in his Buick. The collision occurred in a fog, which defendant testifies was so thick that he could neither see anything in front of his car nor determine whether he was to the right or left of the center line. It is plain that he was wholly on the left or wrong side, and that had he been traveling where the law required him to be (1 Mason, 1927, § 2720-9) there would have been no collision. The pavement was 18 feet wide, flanked by six-foot shoulders. Defendant was going possibly 30 miles an hour, or at any rate somewhere between 20 and 30 miles. The cars seemed to have stopped dead at the point of collision. Plaintiff was seriously injured.

The collision was at a point where the highway traverses what defendant calls a "long hollow." As he descended into it he could look over the fog bank to where the road entered it from the south. He saw no cars approaching. He did not slacken speed but did release his clutch, the possible effect being to increase his speed. He testifies to no precaution of reduced speed or turning on headlights, or any special effort, the fog notwithstanding, to keep as close to the right edge of the pavement as possible.

There is no claim that plaintiff was contributorily negligent. It cannot be argued that if defendant was negligent his fault did not

contribute proximately to plaintiff's injury. The Whippet was well on its proper side of the pavement. It is difficult to see therefore how negligence can be charged to the driver of that car, plaintiff's husband; or, if it could be, how it could be considered the sole contributing cause of the collision. In that situation we are constrained to the view that the evidence did not justify the verdict and resulting judgment.

The evidence fails to disclose any endeavor on defendant's part to minimize the hazard of collision or the resulting damage if one was inevitable. His candor reflects credit on him. But it does not absolve him from lack of care, proximately contributing to plaintiff's injury. Extreme caution was required by the circumstance of the moment—a degree of caution commensurate to the danger, which was great. That is but another way of saying that the degree of care the law demanded of defendant was that to be expected of the ordinarily prudent person under the same or similar circumstances. 4 Dunnell, Minn. Dig. (2 ed. & Supp.) § 6972. It is but ordinary prudence to exercise a high degree of care in the presence of imminent danger, when casualty is apt to come unless much care is exerted to avoid it.

There is no law peculiarly applicable to a chauffeur's driving in fog or darkness. Such conditions do not excuse any lapse of caution. Rather, they require an exercise of it to avoid injury to others. A stop is not required, but "in driving through a fog bank, each driver must do so in a careful and prudent manner with due regard for the safety of others, and what is careful and prudent under the particular conditions shown will usually be a question for the jury." Devoto v. United A. T. Co. Inc. 128 Wash. 604, 609, 223 P. 1050, 1052. See also 1 Blashfield, Cyc. Automobile Law, 350; Anno. 19 A. L. R. 869.

In traveling on the wrong side of the highway defendant was violating the statute. If such violation was the proximate cause of plaintiff's injury, liability follows as matter of law, under the rule of Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275, unless he could justify or excuse his conduct under the principle of Dohm

v. R. N. Cardozo & Brother, 165 Minn. 193, 206 N. W. 377. Without now passing on the question whether defendant was negligent as matter of law, we consider the present record so lacking in evidence to support the conclusion that he was not liable at all that the judgment must be reversed.

So ordered.

