MELVIN MARTINI v. MARY S. JOHNSON AND ANOTHER.[1]

February 24, 1939.

No. 31,935.

*Abbott, MacPherran, Dancer, Gilbert, Doan & Zuger,* for appellants.

*Lanners & Martini,* for respondent.

STONE, JUSTICE.

Defendants appeal from judgment for plaintiff for damage to person and property resulting from a rear-end automobile collision.

The collision occurred about 7:30 in the morning of December 29, 1936, at a street intersection in Duluth. Plaintiff, driving his own car and following a truck owned by defendants, ran into the latter

[1]Reported in 284 N. W. 433.

when it was stopped, or almost so, preparatory to a left turn. The damage to plaintiff's car was the larger item of the $650 verdict.

The one argument for defendants on this appeal is that plaintiff was guilty of contributory negligence because he violated 1 Mason Minn. St. 1927, § 2720-15(a), reading:

"The driver of a motor vehicle * * * shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicles and the traffic upon and condition of the highway and the condition of his vehicle."

That provision, but slightly changed, is now 3 Mason Minn. St. 1938 Supp. § 2720-189(a).

The argument is persuasive, but, applied to this case, the statute cannot convert the determination of whether or not plaintiff's conduct was "reasonable and prudent" into a question of law rather than one of fact. We cannot hold with it simply because we cannot come to that assurance of conclusion which is necessary to such a holding.

The circumstances which prevent decision for defendants are these. There was some ice and snow on the street. Yet there is evidence that traffic had worn one pair of wheel tracks down to the pavement. Both cars were traveling in those tracks, plaintiff about 50 feet behind defendants' truck. The jury, therefore, could have believed that, had he been given timely warning, plaintiff could have stopped his car by simple application of his brakes in time to avoid the collision. Next, the evidence warrants the conclusion that defendants' chauffeur did not give the warning signal required by 1 Mason Minn. St. 1927, § 2720-17, "at least fifty feet before" the turn was to be made. Such discourteous and unlawful delay in warning others characterizes too many autoists. Finally, the evidence indicates that snow had been plowed into a windrow on the right side of the street in such fashion that plaintiff had no opportunity to avoid the collision by passing the truck on the right. These circumstances, while not altogether cogent, introduce enough of the doubtful to prevent our saying that there was contributory negligence as a matter of law.

Orrvar v. Morgan, 189 Minn. 306, 249 N. W. 42, is distinguishable on the facts. There the plaintiff drove into a stalled truck rather than one which had, without timely warning, suddenly checked its speed or turned to the left in front of him.

Judgment affirmed.