# MARGUERITE JOHNSON v. REINHARD BROTHERS COMPANY, INC. AND ANOTHER.[1]

April 28, 1939.

No. 31,941.

*Cobb, Hoke, Benson, Krause & Faegre,* for appellant.

*G. P. Mahoney,* for respondent Alfred Grotefend.

PETERSON, JUSTICE.

This is an automobile collision case in which there was a directed verdict for defendants. Only the defendant Grotefend entered judgment, from which plaintiff appeals. Grotefend will be referred to herein as the defendant. The collision occurred on the morning

[1]Reported in 285 N. W. 536.

of February 8, 1937, about 12 miles north of Milaca on a paved highway with separate lanes for north- and southbound traffic. There had been a snowfall of about six inches, which had been partly cleared off the road by a snowplow in such a way as to raise snowbanks along each side of the highway. There was a single set of ruts in the loose snow in the middle of the road made by the traffic that morning. Plaintiff was going south toward Milaca at a speed of about 20 miles per hour. Defendant was going north at a speed of about 20 to 25 miles per hour following about 35 or 40 feet behind a truck which threw up a dense cloud of loose snow. The wind blew most of this snow off to defendant's right side of the road, but for a short distance before the collision the snow thrown into the air seemed to spread over the highway. Plaintiff and the truck each turned to their right and gave the other one-half of the road in passing. As a result of the cloud of snow thrown up by the truck neither defendant nor plaintiff saw the other until they were about 35 or 40 feet apart. Plaintiff immediately attempted to stop her car but was unable to do so in time to avoid the collision. Defendant did not see the truck turn over to its right side of the road because his vision was obscured by the snow and continued straight ahead with his car in the ruts down the middle of the road. When plaintiff passed the truck and at the time of the collision she was driving on her right side of the road with her left wheels in the right-hand rut. Plaintiff's and defendant's cars were bound to collide if defendant did not turn out, which defendant says he was unable to do because he did not see plaintiff's car in time. Defendant first saw plaintiff's car when it loomed out of the cloud of snow.

The verdict was directed upon the grounds that (1) defendant was not guilty of negligence, and (2) plaintiff was guilty of contributory negligence.

■ The evidence made defendant's negligence a question of fact for the jury. He was proceeding at the stated rate of speed in loose snow on his left-hand side of the road, with his vision obscured, close behind the truck ahead of him. The driver of a motor

vehicle was required by the statute in force at the time of the accident to drive his motor vehicle at a speed not greater than was reasonable and proper, having due regard to the traffic, the surface and width of the highway, and any other circumstances then existing. 1 Mason Minn. St. 1927, § 2720-4(a). The degree of care required was that which was commensurate with the situation. Where, as here, the road is of sufficient width, it is the duty of a motorist to keep on the right side of the road and to give passing vehicles approaching from the opposite direction at least one-half of the main traveled roadway if possible. *Id.* §§ 2720-9 and 2720-11. Unless defendant could justify his being on the wrong side of the road under the rule of Dohm v. R. N. Cardozo & Brother, 165 Minn. 193, 206 N. W. 377, he was violating the statute and guilty of negligence for which he was liable if it was the proximate cause of the accident. Salera v. Schroeder, 183 Minn. 478, 237 N. W. 180; Prescott v. Swanson, 197 Minn. 325, 267 N. W. 251; Keane v. Butner, 150 Minn. 90, 184 N. W. 571; Lahiff v. McAloon, 152 Minn. 517, 189 N. W. 435. Whether he exercised due care in driving at the stated speed with his vision obscured presented a fact question. Salera v. Schroeder and Prescott v. Swanson, *supra.* Further, 1 Mason Minn. St. 1927, § 2720-15(a), provided that the driver of a motor vehicle should not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicles, the traffic upon and the condition of the highway, and the condition of his vehicle. Under the evidence, it was a question of fact, not of law, whether defendant was negligent in driving at the mentioned speed as closely behind the truck as claimed, in loose snow with a cloud of snow obscuring his vision. Fryklind v. Jackson, 190 Minn. 356, 252 N. W. 232; Thorstad v. Doyle, 199 Minn. 543, 273 N. W. 255; Martini v. Johnson, 204 Minn. 556, 284 N. W. 433.

■ Whether plaintiff was guilty of contributory negligence was also a fact question under the evidence. There is no evidence that plaintiff saw defendant following the truck until she was emerging from the snow cloud at the rear of the truck when she was passing it. She was on the right-hand side of the road. She was justified

in placing some reliance on others being on their right side of the road and yielding her at least one-half of the traveled portion thereof as the truck did. She had no reason to anticipate an automobile behind the truck on her side of the road enveloped in a cloud of snow. She might have assumed, until the contrary appeared, that others would exercise due care and comply with the rules of the road. Becker v. Northland Transp. Co. 200 Minn. 272, 274 N. W. 180, 275 N. W. 510; Salera v. Schroeder, *supra*.

Judgment reversed and new trial granted.

MR. JUSTICE HILTON, incapacitated by illness, took no part.